UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------
RICHARD M. GREENE,

                        Plaintiff,                        **MEMORANDUM & ORDER**
                                                                              15-CV-3527 (MKB)

                              v.

NATASHA PRYCE, N.Y.S. CHILD SUPPORT
PROCESSING CENTER, and N.Y.C. HUMAN
RESOURCES ADMINISTRATION, OFFICE OF
CHILD SUPPORT ENFORCEMENT,

                        Defendants.
-----------------------------------------------------------------
MARGO K. BRODIE, United States District Judge:

       On June 15, 2015, Plaintiff Richard M. Greene, proceeding *pro se*, filed the above-captioned action against Natasha Pryce, the New York State Child Support Processing Center, and the New York City Human Resources Administration, Office of Child Support Enforcement. Though it is difficult to discern Plaintiff's allegations from his Complaint, Plaintiff appears to be challenging Defendants' attempt to collect child support payments from Plaintiff, and demands that this Court "[d]ismiss any and all claims against Plaintiff, with prejudice and stop harassing [Plaintiff] for a fraudulent debt that [is] impossible to pay." (Compl. at ECF No. 7.) The Court grants Plaintiff's request to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915(a). For the reasons set forth below, the action is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B).

**I. Background**

       In the Complaint, Plaintiff states that Defendants have a claim against Plaintiff's private property, and are attempting to force Plaintiff to pay a debt that is "already pre-paid for according to HJR 192 of June 5 1933," which Plaintiff alleges states that "[l]awful [m]oney no

longer is available for payment of debt in our economic system." (Compl. at ECF No. 3.)
Plaintiff makes several references to the United States Bankruptcy Code, and states that he is a
"Holder in Due Course of the Preferred Stock of the Federal Corporation . . . and holds a prior,
superior, security interest and claim on the DEBTOR and debtor's property." (*Id.*) Plaintiff
alleges that Defendants' actions are "[t]reasonous" and that they are violating his copyright and
trademark rights, his "[s]oundmark/[s]ervicemark" and his "human rights." (*Id.*) He claims that
he never agreed to "any debt created by these Agencies" that there has been a "fraud," and that
there's "no lawful [m]oney."[1] (*Id.* at ECF No. 6.) He further alleges that the New York State
"Child Support Center" was built by a mortgage against "our property and future labor
compensation," such that Plaintiff has pre-paid his debt to them. (*Id.* at ECF No. 5–6.) He
alleges that Defendants are violating 18 U.S.C. §§ 241, 242, and 1006, and seeks dismissal of
"any and all claims against Plaintiff" and eight million dollars in damages, paid in "Real
Money," which he defines as "a One Ounce Silver coin of .999 fine silver, or the equivalent par
value . . . ." (*Id.* at ECF No. 7.)

Plaintiff invokes this Court's jurisdiction under a number of federal laws, including 42
U.S.C. § 1983, the Federal Tort Claims Act, 28 U.S.C. §§ 1356(b), 1402(b), federal copyright
laws, and various federal criminal laws, including 18 U.S.C. §§ 241, 242. (*Id.* at ECF No. 1.)

**II. Discussion**

   **a. Standard of review**

A complaint must plead "enough facts to state a claim to relief that is plausible on its
face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is plausible "when the

---

[1] Plaintiff adds various allegations regarding the elimination of the gold standard and introduction of paper currency in the United States. (*See* Compl. at ECF Nos. 5–6.) He alleges that since March 17, 1993, the United States has been bankrupt. (*Id.* at ECF No. 5.)

plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Matson v. Bd. of Educ.*, 631 F.3d 57, 63 (2d Cir. 2011) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). Although all allegations contained in the complaint are assumed to be true, this tenet is "inapplicable to legal conclusions." *Iqbal*, 556 U.S. at 678. In reviewing a *pro se* complaint, the court must be mindful that the plaintiff's pleadings should be held "to less stringent standards than formal pleadings drafted by lawyers." *Hughes v. Rowe*, 449 U.S. 5, 9 (1980) (internal quotation marks omitted); *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (same); *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009) (noting that even after *Twombly*, the court "remain[s] obligated to construe a *pro se* complaint liberally"). Nevertheless, the Court is required to dismiss *sua sponte* an *in forma pauperis* action if the Court determines it "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B); *Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007).

      **b.  Non-suable entity**

Section 396 of the New York City Charter provides that "[a]ll actions and proceedings for the recovery of penalties for the violation of any law shall be brought in the name of the City of New York and not in that of any agency, except where otherwise provided by law." N.Y. City Charter, chap. 17 § 396. This provision "has been construed to mean that New York City departments [and agencies], as distinct from the City itself, lack the capacity to be sued." *Ximines v. George Wingate High Sch.*, 516 F.3d 156, 159–60 (2d Cir. 2008) (*per curiam*) (citing *Jenkins v. City of New York*, 478 F.3d 76, 93 n.19 (2d Cir. 2007)); *see also Shamilov v. Human Res. Admin.*, No. 10-CV-8745, 2011 WL 6085550, at *5 (S.D.N.Y. Dec. 6, 2011) ("As a municipal agency of New York City, the HRA is not a suable entity." (citing N.Y. City Charter,

chap. 17 § 396; *Ximines*, 516 F.3d at 160)). For this reason, all claims against the New York City Human Resources Administration, Office of Child Support Enforcement are dismissed. 28 U.S.C. § 1915(e)(2)(B). Furthermore, to the extent Plaintiff intended to sue the City of New York, Plaintiff's claims fail for the reasons stated below.

### c. Failure to state a claim

#### i. Vapor money claims

Plaintiff's claims appear to relate to the "vapor money," "unlawful money" or "redemption" theories of debt, which are all, in essence, based on the premise that "because the United States went off the gold standard in 1933 with the passage of HJR–192, 'the United States has been bankrupt and lenders have been creating unenforceable debts because they are lending credit rather than legal tender.'" *Estes v. Toyota Fin. Serv.*, No. 14-CV-1300, 2015 WL 222137, at *5 n.1 (E.D.N.Y. Jan. 13, 2015) (citation omitted) (order adopting report and recommendation, quotation from report and recommendation); *see also Wilkerson v. Gozdan*, No. 14-CV-693, 2014 WL 4093279, at *4 (M.D. Ala. Aug. 19, 2014) (discussing theories based on H.J. Res. 192, 73rd Cong. (1933), enacted by Pub. L. No. 73-10, 28 Stat. 112–13 (1933)); *Lawson v. CitiCorp Trust Bank, FSB*, No. 11-CV-01163, 2011 WL 3439223, at *3 (E.D. Cal. Aug. 5, 2011), *aff'd sub nom. Lawson v. Citicorp Trust Bank*, 576 F. App'x 696 (9th Cir. 2014); *Mosely-Sutton v. MacFadyen*, No. CIV.A. 10-1130, 2011 WL 2470083, at *3 (D. Md. June 17, 2011) ("Plaintiff appears to make a vapor money claim by alleging that, '[l]awful money no longer is available for payment of debt in our economic system.'"); *McLaughlin v. CitiMortgage, Inc.*, 726 F. Supp. 2d 201, 213 (D. Conn. 2010). Claims premised on these theories have been consistently rejected by federal courts. *See McLaughlin*, 726 F. Supp. 2d at 214 (collecting cases); *see also Mosley-Sutton*, 2011 WL 2470083, at *3. To the extent Plaintiff is attempting to

put forth a claim premised on these theories, Plaintiff has failed to state a claim on which relief can be granted, and his claims are dismissed.

### ii. Section 1983

In order to sustain a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege (1) that the challenged conduct was "committed by a person acting under color of state law," and (2) that such conduct "deprived [the plaintiff] of rights, privileges, or immunities secured by the Constitution or laws of the United States." *Cornejo v. Bell*, 592 F.3d 121, 127 (2d Cir. 2010) (quoting *Pitchell v. Callan*, 13 F.3d 545, 547 (2d Cir. 1994)). Section 1983 claims generally must be brought against the individuals personally responsible for the alleged deprivation of rights, and plaintiffs seeking to recover money damages "must plead that each Government-official defendant, through his own individual actions, has violated the Constitution." *Iqbal*, 556 U.S. at 678. Furthermore, in order to sustain a Section 1983 claim against a municipal defendant, a plaintiff must show the existence of an official policy or custom that caused injury and a direct causal connection between that policy or custom and the deprivation of a constitutional right. *Monell v. Dep't of Soc. Servs. of the City of N.Y.*, 436 U.S. 658, 694–95 (1978).

Plaintiff does not specify against which Defendant or Defendants he brings this claim, and his Complaint is devoid of any allegations as to the specific rights of which Plaintiff was deprived or how such deprivation was performed under color of state law. Furthermore, he does not allege that his constitutional rights were violated as a result of any policy or custom of the City of New York. Thus, to the extent he was attempting to do so, Plaintiff has failed to state a claim pursuant to Section 1983.

5

### iii. Other claims

Plaintiff fails to state a claim under any of the other federal laws cited in his Complaint. As an initial matter, Plaintiff provides no factual allegations that would support his claim under the copyright laws, other than the bare allegation that Defendants infringed on his copyright and trademark rights. This is plainly insufficient. *See Iqbal*, 556 U.S. at 678. Second, Plaintiff has not named as defendant any United States agency, and thus his claims under the Federal Tort Claims Act fail. *Cf. Liranzo v. United States*, 690 F.3d 78, 85 (2d Cir. 2012) (noting that the Federal Tort Claims Act "constitutes a limited waiver by the United States of its sovereign immunity and allows for a tort suit against the United States under specified circumstances" (quoting *Hamm v. United States*, 483 F.3d 135, 137 (2d Cir. 2007)). Third, Plaintiff, as a private party, cannot bring claims under the listed federal criminal laws. *See Delarosa v. Serita*, No. 14-CV-737, 2014 WL 1672557, at *2 (E.D.N.Y. Apr. 28, 2014) ("Violations of the Criminal Code do not provide a basis for a civil cause of action, unless the particular provision in question includes an express or implied private right of action." (quoting *Weinstein v. City of New York*, No. 13-CV-06301, 2014 WL 1378129, at *4 (S.D.N.Y. Apr. 8, 2014))).

### d. Leave to amend

If a liberal reading of the complaint "gives any indication that a valid claim might be stated," the Court must grant leave to amend the Complaint. *See Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000). Mindful of Plaintiff's *pro se* status, the Court denies Plaintiff leave to amend as to his vapor money claims and any claims pursuant to federal criminal statutes that do not provide a private right of action, as his allegations are frivolous and leave to amend would be futile. *See Ashmore v. Prus*, 510 F. App'x 47, 49 (2d Cir. 2013) ("[G]ranting leave to amend would be futile as the barriers to relief for [plaintiff's] claims cannot be surmounted by reframing

the complaint."); *McLaughlin*, 726 F. Supp. 2d at 222 (granting leave to amend but prohibiting plaintiff from relying on vapor money theories).

However, Plaintiff is granted leave to amend as to his Section 1983 claim. *See Thompson v. Carter*, 284 F.3d 411, 416 (2d Cir. 2002) ("[W]hen addressing a *pro se* complaint, a district 'court should not dismiss without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated.'" (quoting *Branum v. Clark*, 927 F.2d 698, 705 (2d Cir. 1991))). If Plaintiff chooses to amend, he must set forth factual allegations to support a finding that (1) a person acting under color of state law engaged in conduct which (2) deprived Plaintiff of rights guaranteed by the United States Constitution or federal law. *See Cornejo v. Bell*, 592 F.3d at 127. Any amended complaint must be filed within 30 days of the date of this Memorandum and Order. The amended complaint must be captioned "Amended Complaint" and bear the same docket number as this Memorandum and Order. No summons shall issue at this time and all further proceedings shall be stayed until Plaintiff has complied with this order. If Plaintiff fails to file an amended complaint within 30 days, this action shall be dismissed.

### III. Conclusion

For the foregoing reasons, the Complaint is dismissed for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B). Plaintiff is granted 30 days from the date of this order to replead his Complaint as specified above. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that

7

any appeal would not be taken in good faith and therefore *in forma pauperis* status is denied for purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

SO ORDERED:

s/ MKB
MARGO K. BRODIE
United States District Judge

Dated: July 1, 2015
      Brooklyn, New York