UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

-----------------------------------------------------------------

RICHARD M. GREENE,

                Plaintiff,

v.

NATASHA PRYCE, N.Y.S. CHILD SUPPORT
PROCESSING CENTER, and CITY OF NEW
YORK,

                Defendants.

-----------------------------------------------------------------

**MEMORANDUM & ORDER**
15-CV-3527 (MKB)

MARGO K. BRODIE, United States District Judge:

    Plaintiff Richard M. Greene, proceeding *pro se*, commenced the above-captioned action on June 16, 2015 against Natasha Pryce, the New York State Child Support Processing Center, and the New York City Human Resources Administration, Office of Child Support Enforcement.[1] By order dated July 1, 2015, the Court granted Plaintiff's request to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915, and dismissed the Complaint for failure to state a claim. Plaintiff was granted thirty (30) days leave to file an amended complaint with additional facts relating to his claim pursuant to 42 U.S.C. § 1983. Plaintiff was informed that should he choose to amend, he must set forth factual allegations to support a finding that (1) a person acting under color of state law engaged in conduct which (2) deprived Plaintiff of rights guaranteed by the United States Constitution or Federal law. *See Cornejo v. Bell*, 592 F.3d 121,

---

[1] The Court dismissed Plaintiff's claims against the New York City Human Resources Administration, Office of Child Support Enforcement as it is not a suable entity under the New York City Charter. *See Shamilov v. Human Res. Admin.*, No. 10-CV-8745, 2011 WL 6085550, at *5 (S.D.N.Y. Dec. 6, 2011) ("As a municipal agency of New York City, the HRA is not a suable entity." (citing N.Y. City Charter, chap. 17 § 396 and *Ximines v. George Wingate High Sch.*, 516 F.3d 156, 160 (2d Cir. 2008))).

127 (2d Cir. 2010). On August 10, 2015, Plaintiff filed an Amended Complaint against Defendants Pryce, the New York State Child Support Processing Center and the City of New York. For the reasons discussed below, the Amended Complaint is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B).

## I. Background

Plaintiff's Amended Complaint appears to raise a claim that he is exempt from child support obligations, and that his "credits," which appear to refer to money, are unlawfully being used to satisfy his child support debt, which he alleges is "pre-paid." (Am. Compl. 1.) Specifically, Plaintiff alleges that:

> My Strawman is being held in escrow to secure a debt that is already pre-paid, strawman . . . . I am the owner of that Strawman, via my UCC 1 filed with the security of state, for the State of New York. The New York State Support Processing Center is in fact a debtor and is using My credits to fund their Ponzi Scheme . . . .

(*Id.* at 1–2.) Plaintiff further alleges "that no State shall make anything but gold and silver coin a legal tender in payment of debts" and that the National Banking Act and the Federal Reserve Act are unconstitutional. (*Id.* at 2.) Plaintiff filed a UCC financing statement with the New York State Department of State, in which he lists himself as both debtor and secured party. (*See* UCC Financing Statement and Filing Acknowledgment, New York State Department of State, dated Sept. 20, 2013, annexed to Am. Compl. at ECF No. 4–6.) Plaintiff annexes several documents to his Amended Complaint, including a July 10, 2009 article relating to House Joint Resolution 192 of June 5, 1933 and another article illustrating the "Strawman Illusion" created from that Resolution, a "Truth Affidavit" wherein Plaintiff alleges to have a "Soundmark/servicemark" on a strawman known as "RICHARD MELBOURNE GREENE," an acknowledgement executed by RICHARD MELBOURNE GREENE granting Richard M. Green power of attorney, and an indemnity bond, security agreement, "Affidavit of reservation of rights UCC 1-308/1-207" all

2

signed by Plaintiff, and several other articles.  (Exhibits to Am. Compl. at ECF Nos. 7–47.)

Plaintiff seeks monetary damages in the amount of $8,000,000.00 from each Defendant in ".999 fine silver" and "[t]o have My private property known as (RICHARD M. GREENE), to be removed from the NYS Child Support processing center system."  (Am. Compl. 2–3.)

## II. Discussion

### a. Standard of review

A complaint must plead "enough facts to state a claim to relief that is plausible on its face."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Matson v. Bd. of Educ.*, 631 F.3d 57, 63 (2d Cir. 2011) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).  Although all allegations contained in the complaint are assumed to be true, this tenet is "inapplicable to legal conclusions."  *Iqbal*, 556 U.S. at 678.  In reviewing a *pro se* complaint, the court must be mindful that the plaintiff's pleadings should be held "to less stringent standards than formal pleadings drafted by lawyers."  *Hughes v. Rowe*, 449 U.S. 5, 9 (1980) (internal quotation marks omitted); *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (same); *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009) (noting that even after *Twombly*, the court "remain[s] obligated to construe a *pro se* complaint liberally").  Nevertheless, the Court is required to dismiss *sua sponte* an *in forma pauperis* action if the Court determines it "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."  28 U.S.C. § 1915(e)(2)(B); *Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007).

### b. Section 1983

In order to sustain a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege (1)

3

that the challenged conduct was "committed by a person acting under color of state law," and (2) that such conduct "deprived [the plaintiff] of rights, privileges, or immunities secured by the Constitution or laws of the United States." *Cornejo v. Bell*, 592 F.3d 121, 127 (2d Cir. 2010) (quoting *Pitchell v. Callan*, 13 F.3d 545, 547 (2d Cir. 1994)). Section 1983 claims generally must be brought against the individuals personally responsible for the alleged deprivation of rights, and plaintiffs seeking to recover money damages "must plead that each Government-official defendant, through his own individual actions, has violated the Constitution." *Iqbal*, 556 U.S. at 678. Furthermore, in order to sustain a Section 1983 claim against a municipal defendant, a plaintiff must show the existence of an official policy or custom that caused injury and a direct causal connection between that policy or custom and the deprivation of a constitutional right. *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694–95 (1978).

Despite being granted an opportunity to replead his Section 1983 claim, Plaintiff fails to do so, and instead baldly alleges that Defendants Pryce and the New York State Child Support Processing Center have conspired to violate Plaintiff's Eighth Amendment rights. The Amended Complaint is devoid of any allegations of how Defendants deprived Plaintiff of his rights or conspired to do so, but the allegation appears to be connected to Plaintiff's obligation to pay child support. Plaintiff's Eighth Amendment claim is without merit, as "Eighth Amendment scrutiny is appropriate only after the State has complied with the constitutional guarantees traditionally associated with criminal prosecutions." *Ingraham v. Wright*, 430 U.S. 651, 671 n.40 (1977); *see also Shenk v. Cattaraugus Cty.*, 305 F. App'x 751, 752 (2d Cir. 2009) (citing *Ingraham*, 430 U.S. at 667–68 and *United States v. Dien*, 598 F.2d 743, 745 (2d. Cir. 1975)) (noting Eighth Amendment inapplicable to detention as means to compel plaintiff to pay outstanding child support); *Camacho v. City of N.Y. Office of Child Support*, No. 05-CV-2002,

4

2006 WL 2642195, at *1 (S.D.N.Y. Sept. 14, 2006) ("The Eighth Amendment operates to protect individuals who have been convicted from cruel and unusual punishment in connection with their convictions." (citing *Graham v. Connor*, 490 U.S. 386, 393 (1989))).

### c. Redemptionist theory claims

Instead, Plaintiff's assertions appear to be based, at least in part, on the "redemptionist" theory. In *Monroe v. Beard*, the United States Court of Appeals for the Third Circuit explained the redemptionist theory as:

> that a person has a split personality: a real person and a fictional person called the "strawman." The "strawman" purportedly came into being when the United States went off the gold standard in 1933, and, instead, pledged the strawman of its citizens as collateral for the country's national debt. Redemptionists claim that government has power only over the strawman and not over the live person, who remains free. Individuals can free themselves by filing UCC financing statements, thereby acquiring an interest in their strawman. Thereafter, the real person can demand that government officials pay enormous sums of money to use the strawman's name or, in the case of prisoners, to keep him in custody.

*Monroe v. Beard*, 536 F.3d 198, 203 n.4 (3d Cir. 2008). Redemptionists further claim that when "[a] person's name is spelled . . . with initial capital letters and small letters, [it] represents the real person . . . . Whenever a person's name is written in total capitals, however, . . . only the strawman is referenced, and the flesh and blood person is not involved." *McLaughlin v. CitiMortgage, Inc.*, 726 F. Supp. 2d 201, 210 (D. Conn. 2010) (citations omitted). Moreover, according to this theory, those who file the appropriate UCC financing statements thereby become a "free sovereign," a process known as "redemption," and never have to actually pay for anything because the United States government is ultimately responsible for the person's debts. *Id.* at 210.

Theories presented by redemptionists have been rejected by the courts as frivolous

arguments. *See, e.g.*, *Charlotte v. Hanson*, 433 F. App'x 660, 661 (10th Cir. 2011) (rejecting the sovereign citizen theory as having no conceivable validity); *Branton v. Columbia Cty.*, No. 15-CV-00005, 2015 WL 3397949, at *3 (N.D.N.Y. May 26, 2015) (order adopting report and recommendation that recommends dismissing redemptionist theory); *see also Muhammad v. Smith,* No. 13-CV-760, 2014 WL 3670609, at *2 (N.D.N.Y. July 23, 2014) (the "redemptionist" theory and the related "sovereign citizen" theory are frivolous legal theories that have been consistently rejected by federal courts "as frivolous and a waste of court resources"); *McLaughlin*, 726 F. Supp. 2d at 210 (providing detailed explanation of the redemptionist theory and rejecting it).

To the extent that Plaintiff seeks to argue that he is not obligated to pay New York State child support based on this redemptionist theory, his claim lacks merit. Accordingly, Plaintiff's Amended Complaint is dismissed for failure to state a claim upon which relief may be granted. 28 U.S.C. § 1915(e)(2)(B).

### d. Leave to amend

If a liberal reading of the complaint "gives any indication that a valid claim might be stated," the Court must grant leave to amend the Complaint. *See Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000). Mindful of Plaintiff's *pro se* status, the Court denies Plaintiff leave to amend as to his redemptionist theory-based claims and any claims pursuant to federal criminal statutes that do not provide a private right of action, as his allegations are frivolous and leave to amend would be futile. *See Ashmore v. Prus*, 510 F. App'x 47, 49 (2d Cir. 2013) ("[G]ranting leave to amend would be futile as the barriers to relief for [plaintiff's] claims cannot be surmounted by reframing the complaint."); *McLaughlin*, 726 F. Supp. 2d at 222 (granting leave to amend but prohibiting plaintiff from relying on redemptionist theories). Furthermore, the

Court denies Plaintiff further leave to amend his Section 1983 claim, as he has failed to set forth any facts to support this claim.

### III. Conclusion

For the foregoing reasons, the Amended Complaint is dismissed for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B). The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and therefore *in forma pauperis* status is denied for purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444–45 (1962). The Clerk of Court is directed to close this case.

SO ORDERED:

      s/ MKB
MARGO K. BRODIE
United States District Judge

Dated: August 18, 2015
      Brooklyn, New York